**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 0:26-cv-61381-KMM

JUNIOR INDALECIO ALAYO CAULA,

      Petitioner,

v.

BROWARD TRANSITIONAL CENTER,

      Respondent.

                                 /

## ORDER TO SHOW CAUSE

THIS CAUSE came before the Court upon Petitioner Junior Indalecio Alaya Caula's pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (the "Petition" or "Pet."). (ECF No. 1). Therein, Petitioner alleges that he is in the physical custody of Respondent Broward Transitional Center after being taken into custody on March 27, 2026. *Id.* at 5. Petitioner further alleges that he has been denied an opportunity to be heard on bond despite his lack of serious criminal history, steady employment, and community ties following his entry in 2021, including his newborn U.S. citizen son. *Id.* at 6–7. He additionally states that he has a pending asylum application that was scheduled for a hearing in 2029. *Id.* at 8. Upon review of the documentation attached to the Petition, Petitioner appears to be a native of Cuba who was detained on July 21, 2021 as "an alien present in the United States who has not been admitted or paroled" after entering the country near Del Rio, Texas several days prior, and on that same day he was released on his own recognizance until he was detained in the instant proceedings. *See* (ECF No. 1-1) at 6–7. Petitioner thus asks the Court to release him or, in the alternative, to order a bond redetermination. Pet. at 8; (ECF No. 1-1) at 1.

As an initial matter, the Court notes that Petitioner is required to name the person who has

custody over him, which is generally the warden or other comparable official of a facility, rather than the facility itself. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. §§ 2242–43). Such deficiency would need to be cured upon amendment. However, the Court further notes that in the context of the heavily litigated question of whether 8 U.S.C. § 1225(b), which permits mandatory detention of aliens without a bond hearing, or 8 U.S.C. § 1226(a), which entitles aliens to such a hearing, is correctly applied to immigration detainees, the Eleventh Circuit has held that § 1226(a) applies to "unadmitted aliens found in the interior of the United States" while they are going through immigration proceedings. *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, Nos. 25-14065, 25-14075, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026). Upon an initial review of the Petition, it appears that the facts giving rise to Petitioner's detention without a bond hearing may compel a finding that the Eleventh Circuit's holding in *Hernandez Alvarez* is dispositive of whether Petitioner is entitled to a bond hearing.

Accordingly, UPON CONSIDERATION of the Petition, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED as follows:

1. The Court finds that it has jurisdiction over the Petition pursuant to, *inter alia*, 28 U.S.C. § 2241, and that venue is proper pursuant to *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484 (1973) because Petitioner is detained in this District;

2. Petitioner is not to be transferred until these proceedings have terminated, and therefore Respondent shall maintain Petitioner's detention within the Southern District of Florida for the pendency of the Petition, and direct any applicable authorities to maintain the same;

3. On or before **May 13, 2026**, Respondent shall notify the Court of the attorney to whom this case is assigned;

4.  On or before **May 15, 2026**, Respondent shall file a memorandum of fact and law to show cause why the Petition should not be granted and file all documents necessary for its resolution;

5.  Counsel for Respondent must caption their memorandum as a "Response" rather than a Motion to Dismiss, and are cautioned that any requests for extension of time to respond will only be granted for good cause shown and must comply with 28 U.S.C. § 2243, Local Rule 7.1(a), and the Federal Rules of Civil Procedure;

6.  Respondent is reminded that it must provide Petitioner full and complete copies of all documents filed in support of its Response pursuant to Fed. R. Civ. P. 10(c) and *Rodriguez v. Fla. Dep't of Corr.*, 748 F.3d 1073, 1077 (11th Cir. 2014);

7.  Petitioner may, but is not required to, file a Reply within <u>seven (7) days</u> of Respondent's Response, not to exceed ten (10) pages and in compliance with the Federal Rules of Civil Procedure and the Local Rules, any untimely filing of which will not be excused absent unforeseen and unavoidable circumstances.

DONE AND ORDERED in Chambers at Miami, Florida, this __11th__ day of May, 2026.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record

3